GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: STEVEN J. KOCHEVAR
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2715
Facsimile:  (212) 637-2717
E-mail: steven.kochevar@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
IN RE:                                        :        DECLARATION OF
                                              :        STEVEN J. KOCHEVAR
                                              :
LETTERS ROGATORY FOR                          :
INTERNATIONAL JUDICIAL                        :
ASSISTANCE FROM THE NATIONAL                  :        M 93
CIVIL COURT OF ORIGINAL                       :
JURISDICTION NO. 68, BUENOS AIRES,            :
ARGENTINA IN THE MATTER OF                    :
PUGIBET FEVRIER JACQUELINE                    :
MARIE JEANNE S/S SUCESION                     :
TESTAMENTARIA                                 :
-------------------------------------------------------x

        I, Steven J. Kochevar, pursuant to 28 U.S.C. § 1746, declare as follows:

        1.        I am an Assistant United States Attorney in the Office of the United States

Attorney for the Southern District of New York, counsel for the United States of America (the

"Government").  I make this declaration upon information and belief based upon the attached

exhibits and communications with personnel in the United States Department of Justice, to which

a letters rogatory has been transmitted for execution.  I make this declaration in support of the

Government's request, pursuant to 28 U.S.C. § 1782(a),[1] for an order appointing me as a Commissioner for the purpose of obtaining information from Brown Brothers Harriman & Co. Bank.

       2.     In connection with a proceeding captioned "Matter of Pugibet Fevrier Jacqueline Marie Jeanne S/S Sucesion Testamentaria," and pending in the National Civil Court of Original Jurisdiction No. 68, Buenos Aires, Argentina (the "Argentine Court"), the Argentine Court issued a letters rogatory seeking information from Brown Brothers Harriman & Co. Bank. A true and correct copy of the letters rogatory (with certain information redacted in this publicly filed version for reasons of protecting personal privacy) is attached hereto as Exhibit A. The information redacted in Exhibit A will not be redacted from the version of the letters rogatory that will be served on Brown Brothers Harriman & Co. Bank.

---

[1] Section 1782(a) provides, in pertinent part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

3.      An undated draft of a subpoena (again with certain private information redacted), addressed to Brown Brothers Harriman & Co. Bank, Attention: Mr. Gerard Monusky, Senior Counsel, 140 Broadway, New York, NY 10005, which the Government intends to serve upon my appointment as Commissioner, is attached hereto as Exhibit B.

4.      To assist the Argentine Court in obtaining the requested information, I respectfully request that this Court appoint me as Commissioner as proposed in the *ex parte* order attached hereto as Exhibit C.  No previous application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

WHEREFORE, the United States respectfully requests that this Court enter the attached Order.

Dated: New York, New York

November 5, 2018

 /s/ Steven J. Kochevar
STEVEN J. KOCHEVAR
Assistant United States Attorney

# EXHIBIT A

"2018 - AÑO DEL CENTENARIO DE LA REFORMA UNIVERSITARIA"



Ministerio de Relaciones Exteriores y Culto

Nota nro: 7857/18

Sirvase Citar  Carpe Dajin  Nº  5888/11

Buenos Aires,   '29 AGO 2018"

United States Department of justice
Civil Division
Office of International Judicial Assistance
1100- 11 th Street, N.W, Room 11006
Washington, D.C. 20530.
At . Marcia Robinson.

Re; Petition to execute rogatory letter.

         This office is the Central Authority for  the Hague Convention of March 1970
on the taking of Evidence Abroad in Civil or Commercial Matters.Therefore, the attached
documents are transmitted for their execution.

         The  rogatory letter have been ordered in the case: "PUGIBET FEVRIER
JACQUELINE MARIE JEANNE S/ S SUCESION TESTAMENTARIA".

          The object of ' the rogatory letter is to obtain information from BROWN
BROTHERS HARRIMAN & CO. BANK..

         Once the  rogatory letter have been executed, we will appreciate you  sending
its back  to the following address:

Ministerio de Relaciones Exteriores  y  Culto.

         Dirección de Asistencia Juridica Internacional
         Esmeralda 1212. 4º piso (1007)
         Buenos Aires, Argentina.

    Yours sincerely,

vco
Documentation attached in 6 file.

Dr. CONRADO G. IZURA
Coordinador de Cooperación
Internacional en Materia Penal

CIV-189-44-18-69
SEP 1 2 2018

Generado por DAJINGES BNO:7960/2018
Carpeta 5888/2011

**TRADUCCIÓN PÚBLICA / CERTIFIED TRANSLATION**

-----------------------------------------------------------------------------------

[At the top of the document, there appears an illegible seal] ----------------------------

[On the left margin there appears a seal that reads:] CIVIL COURT No. 68- MARCH

15 2018- RECEIVED ----------------------------------------------------------------

**DIPLOMATIC LETTERS ROGATORY.**-------------------------------------------------

ALBERTO SILVIO PESTALARDO, NATIONAL JUDGE OF ORIGINAL

JURISDICTION IN CIVIL MATTERS, IN CHARGE OF COURT No. 68 OF THE

CAPITAL CITY OF BUENOS AIRES, REPUBLIC OF ARGENTINA. ----------------

TO THE COMPETENT JUDGE WITH JURISDICTION IN THE CITY OF NEW

YORK, UNITED STATES OF AMERICA-------------------------------------------------

DO HEREBY GREET AND MAKE KNOWN: That before this National Civil Court

of Original Jurisdiction No. 68 seated at Uruguay N° 714, 4 Floor, Autonomous City

of Buenos Aires, Republic of Argentina, the case entitled "**PUGIBET FEVRIER,**

**JACQUELINE MARIE JEANNE on Testamentary Succession" (Court File No.**

**17936/2007)** is being handled and in which, the undersigning, competent over the

subject matter and jurisdiction, ordered to issue this Diplomatic Letters Rogatory for

the purpose that Your Honor requests BROWN BROTHERS HARRIMAN & CO.

Bank, seated at 140 Broadway Street, New York, United States of America, to inform

this Court: a) whether Ms. Jacqueline Marie Jeanne Pugibet Fevrier, bearer of National

Identity Document No. ███████, and Identity Card issued by Argentina Federal

Police No. ██████, held one or more accounts in said bank and, b) if this is the

case, inform which was the balance the account, or accounts, had as of the date of

death of Ms. Jacqueline Marie Jeanne Pugibet Fevrier, on March 14, 2007, enclosing

proof hereof .----------------------------------------------------------------------------

This request has been issued in view of the fact that the existence of several bank

accounts belonging to the deceased have been reported in this case, in which case they

would be considered part of the decedent's estate, which shall be passed on to her

heirs and legatees.----------------------------------------------------------------------

The decision ordering this Letters Rogatory states as follows: "Buenos Aires, August

6, 2013. Official Letters pursuant to Act 22.172 and requested letters rogatory on

folios 2304/2308 be issued. Granted authorizations should be noted. Signed: Alberto

Primero Narvaez. Judge. -----------------------------------------------------------------

1

A certified copy of the death certificate of the deceased is attached hereto.--------------

It is placed on record that Attorneys Mr. Julio I. Frigerio and/or Ms. Andrea Tosone and/or Mr. Alberto Malaver, and/ or whom they shall appoint, are empowered to serve these presents. -----------------------------------------------------------------------

The undersigned has jurisdiction on this case in view of the last domicile of the deceased. -----------------------------------------------------------------------------------

The undersigned, requests and requires that Your Honor kindly proceeds to ensure proper enforcement of what is herein required, and states that is ready and willing to do the same in similar cases when requested. ------------------------------------------------

I have hereunto set my hand and affix my official seal at my office in the Autonomous City of Buenos Aires, Republic of Argentina, on [Handwritten] *April 09, 2018* [Amended: "*April*" *Valid*] --------------------------------------------------------------

[There appears an illegible signature with the following expressions below it:] Alberto S. Pestalardo. National Judge of Original Jurisdiction over Civil Matters. ---------------

[There appears an illegible signature with the following expressions below it:] Graciela E. Canda. Clerk of Court.-----------------------------------------------------------

[The rest of the page appears blank and the document continues on the next page.] -----

**Death Certificate**--------------------------------------------------------------------------

[Translator's clarification: all the expressions appearing in this document in *italics*, appear handwritten in the original document.]------------------------------------------------

[On the left margin there appears an emblem with the following expressions below:] 208 – GOVERNMENT OF THE CITY OF BUENOS AIRES.------------------------------

[Just below, there appears the following expression:] FOR OFFICIAL USE ONLY ------

[At the top, on the right angle of the document, there appears a seal, with the National Emblem in its center, that reads:] CIVIL COURT OF ORIGINAL JURISDICTION – COURT 68 – CITY OF BUENOS AIRES ------------------------------------------------------

[On the right of the seal described, the following handwritten number appears:] *1*---------

**CIVIL REGISTRY AND VITAL RECORDS** --------------------------------- DEPARTMENT OF DEATHS – VOLUME: *1st D* - NUMBER: [Illegible number] – YEAR: *2007*------------------------------------------------------------------------------

In Buenos Aires, Capital City of the Republic of Argentina, on this *March 15, 2007*, I, Official of the Registry of Civil Status and Capacity of Persons, file the DEATH of: ---- *Jacqueline PUGIBET FEVRIER* [Dash]------------------------------------------------------

2

Sex:   *Female* – Nationality: *French* [Dash]----------------------------------------------

Civil Status: *Widow* [Dash]-----------------------------------------------------------------

Occupation: *Businesswoman* [Dash] – Identity Document: National Identity Document

*(D.N.I.)* ▮▮▮▮▮ ---------------------------------------------------------------------

Domiciled at: *La Pampa 1815* [Dash] --------------------------------------------------

Born  in *Paris, France* [Dash] on *January 24, 1924*-----------------------------------

Said death occurred in this City at *Las Heras 2900* [Dash]-----------------------------

on *March 14* [Dash], *2007* at *08:20 a.m.* [Dash]----------------------------------

Cause of death: *Non-traumatic cardiac arrest*-----------------------------------------

Certificate issued by Physician *Juan ALTUVE* [Dash]-------------------------------------

Informant: *Carlos LORENZ*   bearer of Identity Document: *(LE) No.* ▮▮▮▮▮

domiciled at *Sta. Fe 1799*, [Dash], who acts by virtue of *Juan Manuel Nelson's*

*authorization* – who has seen the corpse- which is filed. – Amended: *"FEVRIER"* -

*Valid.* --------------------------------------------------------------------------------------

[Below, on the left, there appears a round seal that reads] GOVERNMENT OF THE

CITY OF BUENOS AIRES - REGISTRY OF CIVIL STATUS AND CAPACITY OF

PERSONS – DEPARTMENTS OF DEATHS ----------------------------------------

[Below on the right, there appears an illegible signature followed by a seal that reads:]

Dr. FEDERICO IVAN SZNAJDLEDEB – PUBLIC OFFICER – CIVIL REGISTRY

AND VITAL RECORDS. ------------------------------------------------------------------

----------------------------------------------------------------------------------------------

I hereby certify that this is a true translation into English from the document in

Spanish which I had before me and all of which I attest. The document has three (3)

pages. --------------------------------------------------------------------------------------

Buenos Aires, June 6, 2018. ------------------------------------------------------------

[For legalization purposes:] Es traducción fiel al idioma inglés del documento que

tuve a la vista en idioma castellano, al cual me remito y adjunto a la presente. La

traducción se compone de tres (3) páginas. ----------------------------------------------

Buenos Aires, 6 de junio de 2018. -----------------------------------------------------

COLEGIO DE TRADUCTORES PÚBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización

Nº ....41788/18

JACOBO A. MORGUROVSKY MICHEL

ISABEL HOPE
TRADUCTORA PÚBLICA
IDIOMA INGLES
MAT. T° XII F° 169 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 3855

3



# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# LEGALIZACIÓN

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES, en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes al/a la Traductor/a Público/a    HOPE, ISABEL

que obran en los registros de esta institución, en el folio       del Tomo       en el idioma

169                12                      INGLÉS

Legalización número:  **41988**

Buenos Aires,  06/06/2018



MARCELO F. SIGALOFF
Gerente de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control interno:  38420941988

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.

The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document.

THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla qui unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta.

LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assinatura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern.

DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG NICHT GÜLTIG.



ALBERTO SILVIO PESTALARDO, JUEZ NACIONAL DE PRIMERA INSTANCIA EN LO CIVIL, A CARGO DEL JUZGADO N° 68 DE LA CAPITAL FEDERAL, REPUBLICA ARGENTINA.

AL SEÑOR JUEZ QUE CORRESPONDA, CON JURISDICCION Y COMPETENCIA EN LA CIUDAD DE NUEVA YORK, ESTADOS UNIDOS DE AMERICA.

<u>SALUDA, EXHORTA y HACE SABER</u>: Que, por ante el Juzgado Nacional de Primera Instancia en lo Civil N° 68, a mi cargo, con sede en la calle Uruguay 714, piso 4°, de esta Capital Federal, de la República Argentina, tramitan los autos caratulados: **"PUGIBET FEVRIER, JACQUELINE MARIE JEANNE S/ Sucesión Testamentaria" (Expte. N° 17936/2007)**, en los cuales el suscripto es competente en razón de la materia y jurisdicción, se ha dispuesto librar la presente rogatoria, a fin de que V.S. requiera al Banco BROWN BROTHERS HARRIMAN & CO., con domicilio en la calle 140 Broadway, Nueva York, Estados Unidos de América, que informe al Juzgado: a) Si la Sra. Jacqueline Marie Jeanne Pugibet Fevrier, con Documento Nacional de Identidad N° ▮▮▮▮ y Cédula de Identidad de la Policía Federal N° ▮▮▮▮, fue titular de una o más cuentas en dicha entidad bancaria; y b) En caso afirmativo, indique cuál era el saldo que presentaban la o las cuentas a la fecha de fallecimiento de la Sra. Jaqueline Marie Jeanne Pugibet Fevrier, ocurrido el día 14.3.2007, adjuntando una constancia del mismo.-

-Esta medida ha sido dispuesta habida cuenta que se ha denunciado en estos autos la existencia de varias cuentas bancarias como pertenecientes a la causante de este juicio sucesorio testamentario, las que de existir formarían parte del acervo hereditario que se habrá de transmitir a sus herederos y legatarios.-

-El libramiento del presente exhorto ha sido dispuesto en virtud del siguiente auto: "Buenos Aires, 6 de Agosto de 2013. Líbrense los oficios conforme ley 22.172 y exhortos solicitados a fs. 2304/2308. Téngase presente las autorizaciones conferidas. Fdo: Alberto Primero Narvaez. Juez".-

Se acompaña al presente una copia certificada de la partida de defunción de la causante.-

-Quedan autorizados a diligenciar el presente los Dres. Julio I. Frigerio y/o la Dra. Dra. Andrea Tosone y/o el Dr. Alberto Malaver y/o quienes estos designen.-

El suscripto es competente en estos autos en razón del último domicilio de la causante.-

Ruego y exhorto a S.S. el pronto y fiel diligenciamiento de la presente, ofreciendo reciprocidad para casos análogos.-

Dado, sellado y firmado en la sala de mi Público Despacho, en la Capital Federal de la República Argentina, a los *OP* días del mes de Abril de 2018.- "Abril "vale".

Alberto S. Pastalardo
JUEZ NACIONAL EN LO CIVIL

3RA...LLA E. CANDA
SECRETARIA

208

**GOBIERNO DE LA
CIUDAD DE BUENOS AIRES**

## REGISTRO DEL ESTADO CIVIL Y CAPACIDAD DE LAS PERSONAS

DEPARTAMENTO CENTRAL DEFUNCIONES TOMO 1°D NUMERO _M.16_ AÑO _2007_

En la Ciudad Autónoma de Buenos Aires de la República Argentina, a _15_ de _febrero_
de _2007_ Yo, Funcionario del Registro del Estado Civil y Capacidad de las Personas inscribo
la DEFUNCION de: _Jacqueline PUGIBET FEVRIER_

Sexo _femenino_ nacionalidad _francesa_
estado _viuda_ Doc. Ident. _DNI P_ ▆▆▆▆
profesión _empresaria_
domicilio _de Peruza 1875_
Hijo de _Jean Baptiste PUGIBET_
y de _Francoise Louise charlotte FEVRIER_
nacido en _París Francia_ el _24_ de _enero_ de _1924_
Ocurrida en esta ciudad _Las Heras 2900_ a las _08.20_ horas
el _14_ de _marzo_ de _2007_
Causa de la defunción _deshidratacion por no alimentarse_
Certificado médico _Dr Juan MIJJE_
Interviniente _Carlos LORENE_ Doc. Ident. LE ▆▆▆▆
Domicilio _State 1390_ Obra en virtud de _16 anto_
_gacion fue se fir"use de Juan Manuel Wel_
_San fue la vidal coerd Fbo "FEVRIER"_
_Vale._

Dr. FEDERICO IVAN SZNAJDLEDER
OFICIAL PÚBLICO
REG. DEL ESTADO CIVIL Y CAP. DE LAS PERSONAS

# EXHIBIT B

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Rider A

"2018 - AÑO DEL CENTENARIO DE LA REFORMA UNIVERSITARIA"



Ministerio de Relaciones Exteriores y Culto

Nota nro: 7857/18

Sirvase Citar  Carpe Dajin  N° 5888/11

Buenos Aires,  '29 AGO 2018"

United States Department of justice
Civil Division
Office of International Judicial Assistance
1100- 11 th Street, N.W, Room 11006
Washington, D.C. 20530.
At . Marcia Robinson.

Re; Petition to execute rogatory letter.

This office is the Central Authority for  the Hague Convention of March 1970 on the taking of Evidence Abroad in Civil or Commercial Matters.Therefore, the attached documents are transmitted for their execution.

The  rogatory letter have been ordered in the case: "PUGIBET FEVRIER JACQUELINE MARIE JEANNE S/ S SUCESION TESTAMENTARIA".

The object of the rogatory letter is to obtain information from BROWN BROTHERS HARRIMAN & CO. BANK..

Once the  rogatory letter have been executed, we will appreciate you  sending its back  to the following address:

Ministerio de Relaciones Exteriores  y  Culto.

Dirección de Asistencia Juridica Internacional
Esmeralda 1212. 4° piso (1007)
Buenos Aires, Argentina.

Yours sincerely,

vco
Documentation attached in 6 file.

Dr. CONRADO G. IZURA
Coordinador de Cooperación
Internacional en Materia Penal

CIV-189-44-18-69
SEP 1 2 2018

Generado por DAJINGES BNO:7960/2018
Carpeta 5888/2011

**TRADUCCIÓN PÚBLICA / CERTIFIED TRANSLATION**

------------------------------------------------------------------------

[At the top of the document, there appears an illegible seal] --------------------------

[On the left margin there appears a seal that reads:] CIVIL COURT No. 68- MARCH 15 2018- RECEIVED ------------------------------------------------------------------

**DIPLOMATIC LETTERS ROGATORY.**-----------------------------------------------

ALBERTO SILVIO PESTALARDO, NATIONAL JUDGE OF ORIGINAL JURISDICTION IN CIVIL MATTERS, IN CHARGE OF COURT No. 68 OF THE CAPITAL CITY OF BUENOS AIRES, REPUBLIC OF ARGENTINA. ----------------

TO THE COMPETENT JUDGE WITH JURISDICTION IN THE CITY OF NEW YORK, UNITED STATES OF AMERICA------------------------------------------------

DO HEREBY GREET AND MAKE KNOWN: That before this National Civil Court of Original Jurisdiction No. 68 seated at Uruguay N° 714, 4 Floor, Autonomous City of Buenos Aires, Republic of Argentina, the case entitled "**PUGIBET FEVRIER, JACQUELINE MARIE JEANNE on Testamentary Succession**" **(Court File No. 17936/2007)** is being handled and in which, the undersigning, competent over the subject matter and jurisdiction, ordered to issue this Diplomatic Letters Rogatory for the purpose that Your Honor requests BROWN BROTHERS HARRIMAN & CO. Bank, seated at 140 Broadway Street, New York, United States of America, to inform this Court: a) whether Ms. Jacqueline Marie Jeanne Pugibet Fevrier, bearer of National Identity Document No. ▮▮▮▮▮▮, and Identity Card issued by Argentina Federal Police No. ▮▮▮▮▮, held one or more accounts in said bank and, b) if this is the case, inform which was the balance the account, or accounts, had as of the date of death of Ms. Jacqueline Marie Jeanne Pugibet Fevrier, on March 14, 2007, enclosing proof hereof .------------------------------------------------------------------------

This request has been issued in view of the fact that the existence of several bank accounts belonging to the deceased have been reported in this case, in which case they would be considered part of the decedent's estate, which shall be passed on to her heirs and legatees.--------------------------------------------------------------------

The decision ordering this Letters Rogatory states as follows: "Buenos Aires, August 6, 2013. Official Letters pursuant to Act 22.172 and requested letters rogatory on folios 2304/2308 be issued. Granted authorizations should be noted. Signed: Alberto Primero Narvaez. Judge. ------------------------------------------------------------

1

A certified copy of the death certificate of the deceased is attached hereto.--------------
It is placed on record that Attorneys Mr. Julio I. Frigerio and/or Ms. Andrea Tosone and/or Mr. Alberto Malaver, and/ or whom they shall appoint, are empowered to serve these presents. ---------------------------------------------------------------------------

The undersigned has jurisdiction on this case in view of the last domicile of the deceased. ------------------------------------------------------------------------------------

The undersigned, requests and requires that Your Honor kindly proceeds to ensure proper enforcement of what is herein required, and states that is ready and willing to do the same in similar cases when requested. --------------------------------------------

I have hereunto set my hand and affix my official seal at my office in the Autonomous City of Buenos Aires, Republic of Argentina, on [Handwritten] *April 09, 2018* [Amended: *"April" Valid*] ------------------------------------------------------------------

[There appears an illegible signature with the following expressions below it:] Alberto S. Pestalardo. National Judge of Original Jurisdiction over Civil Matters. ---------------

[There appears an illegible signature with the following expressions below it:] Graciela E. Canda. Clerk of Court.----------------------------------------------------------

[The rest of the page appears blank and the document continues on the next page.] -----

**Death Certificate**------------------------------------------------------------------------------

[Translator's clarification: all the expressions appearing in this document in *italics*, appear handwritten in the original document.]-----------------------------------------------

[On the left margin there appears an emblem with the following expressions below:] 208 – GOVERNMENT OF THE CITY OF BUENOS AIRES.------------------------------

[Just below, there appears the following expression:] FOR OFFICIAL USE ONLY ------

[At the top, on the right angle of the document, there appears a seal, with the National Emblem in its center, that reads:] CIVIL COURT OF ORIGINAL JURISDICTION – COURT 68 – CITY OF BUENOS AIRES ------------------------------------------------

[On the right of the seal described, the following handwritten number appears:] *1*---------

**CIVIL REGISTRY AND VITAL RECORDS** -------------------------------- DEPARTMENT OF DEATHS – VOLUME: *1st D* - NUMBER: [Illegible number] – YEAR: *2007*------------------------------------------------------------------------------

In Buenos Aires, Capital City of the Republic of Argentina, on this *March 15, 2007*, I, Official of the Registry of Civil Status and Capacity of Persons, file the DEATH of: ---- *Jacqueline PUGIBET FEVRIER* [Dash]---------------------------------------------------

2

Sex:   *Female* – Nationality: *French* [Dash]-------------------------------------------------

Civil Status: *Widow* [Dash]--------------------------------------------------------------

Occupation: *Businesswoman* [Dash] – Identity Document: National Identity Document

*(D.N.I.)* ▮▮▮▮▮ --------------------------------------------------

Domiciled at: *La Pampa 1815* [Dash] -------------------------------------------------

Born  in *Paris, France* [Dash] on *January 24, 1924*------------------------------------

Said death occurred in this City at *Las Heras 2900* [Dash]-------------------------------

on *March 14* [Dash], *2007* at *08:20 a.m.* [Dash]-------------------------------------

Cause of death: *Non-traumatic cardiac arrest*------------------------------------------

Certificate issued by Physician *Juan ALTUVE* [Dash]------------------------------------

Informant: *Carlos LORENZ*   bearer of Identity Document: *(LE) No.* ▮▮▮▮▮

domiciled at *Sta. Fe 1799*, [Dash], who acts by virtue of *Juan Manuel Nelson's*

*authorization* – who has seen the corpse- which is filed. – Amended: *"FEVRIER"* -

*Valid.* --------------------------------------------------------------------

[Below, on the left, there appears a round seal that reads] GOVERNMENT OF THE

CITY OF BUENOS AIRES - REGISTRY OF CIVIL STATUS AND CAPACITY OF

PERSONS – DEPARTMENTS OF DEATHS -------------------------------------------

[Below on the right, there appears an illegible signature followed by a seal that reads:]

Dr. FEDERICO IVAN SZNAJDLEDEB – PUBLIC OFFICER – CIVIL REGISTRY

AND VITAL RECORDS. --------------------------------------------------------

-------------------------------------------------------------------------

I hereby certify that this is a true translation into English from the document in

Spanish which I had before me and all of which I attest. The document has three (3)

pages. ------------------------------------------------------------------

Buenos Aires, June 6, 2018. ------------------------------------------------

[For legalization purposes:] Es traducción fiel al idioma inglés del documento que

tuve a la vista en idioma castellano, al cual me remito y adjunto a la presente. La

traducción se compone de tres (3) páginas. ----------------------------------------

Buenos Aires, 6 de junio de 2018. ------------------------------------------

COLEGIO DE TRADUCTORES PÚBLICOS
DE LA CIUDAD DE BUENOS AIRES
Corresponde a la Legalización
Nº ....41988/18....
JACOBO A. MORGUNOVSKY MICHELL

ISABEL HOPE
TRADUCTORA PÚBLICA
IDIOMA INGLES
MAT. Tº XII Fº 169 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 3855

3



# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# <u>LEGALIZACIÓN</u>

Por la presente, el COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES, en virtud de la facultad que le confiere el artículo 10 inc. d) de la ley 20305, certifica únicamente que la firma y el sello que aparecen en la traducción adjunta concuerdan con los correspondientes al/a la Traductor/a Público/a   HOPE, ISABEL

que obran en los registros de esta institución, en el folio         del Tomo         en el idioma

169                   12                    INGLÉS

Legalización número:  **41988**

Buenos Aires,  06/06/2018



MARCELO F. SIGALOFF
Gerente de Legalizaciones
Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

ESTA LEGALIZACIÓN NO SE CONSIDERARÁ VÁLIDA SIN EL CORRESPONDIENTE
TIMBRADO DE CONTROL EN LA ÚLTIMA HOJA DE LA TRADUCCIÓN ADJUNTA

Control interno:  38420941988

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Buenos Aires Sworn Translators Association) by Argentine law No. 20 305 section 10(d), I hereby CERTIFY that the seal and signature affixed on the attached translation are consistent with the seal and signature on file in our records.

The Colegio de Traductores Públicos de la Ciudad de Buenos Aires only certifies that the signature and seal on the translation are genuine; it will not attest to the contents of the document.

THIS CERTIFICATION WILL BE VALID ONLY IF IT BEARS THE PERTINENT CHECK STAMP ON THE LAST PAGE OF THE ATTACHED TRANSLATION.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20.305, pour la seule légalisation matérielle de la signature et du sceau du Traductor Público (Traducteur Officiel) apposés sur la traduction du document ci-joint, qui sont conformes à ceux déposés aux archives de cette Institution.

LE TIMBRE APPOSÉ SUR LA DERNIÈRE PAGE DE LA TRADUCTION FERA PREUVE DE LA VALIDITÉ DE LA LÉGALISATION.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Ordine dei Traduttori abilitati della Città di Buenos Aires) CERTIFICA ai sensi dell'articolo 10, lettera d) della legge 20.305 che la firma e il timbro apposti sulla qui unita traduzione sono conformi alla firma e al timbro del Traduttore abilitato depositati presso questo Ente. Non certifica il contenuto della traduzione sulla quale la certificazione è apposta.

LA VALIDITÁ DELLA PRESENTE CERTIFICAZIONE È SUBORDINATA ALL'APPOSIZIONE DEL TIMBRO DI CONTROLLO DEL CTPCBA SULL'ULTIMA PAGINA DELL'ALLEGATA TRADUZIONE.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, somente reconhece a assinatura e o carimbo do Tradutor Público que subscreve a tradução em anexo por semelhança com a assinatura e o carimbo arquivados nos registros desta instituição.

A PRESENTE LEGALIZAÇÃO SÓ TERÁ VALIDADE COM A CORRESPONDENTE CHANCELA MECÂNICA APOSTA NA ÚLTIMA FOLHA DA TRADUÇÃO.

COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (Kammer der vereidigten Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr nach Art. 10 Abs. d) von Gesetz 20.305 zustehen, bescheinigt die Kammer hiermit lediglich die Übereinstimmung der Unterschrift und des Siegelabdruckes auf der beigefügten Übersetzung mit der entsprechenden Unterschrift und dem Siegelabdruck des vereidigten Übersetzers (Traductor Público) in unseren Registern.

DIE VORLIEGENDE ÜBERSETZUNG IST OHNE DEN ENTSPRECHENDEN GEBÜHRENSTEMPEL AUF DEM LETZTEN BLATT DER BEIGEFÜGTEN ÜBERSETZUNG NICHT GÜLTIG.



ALBERTO SILVIO PESTALARDO, JUEZ NACIONAL DE PRIMERA INSTANCIA EN LO CIVIL, A CARGO DEL JUZGADO N° 68 DE LA CAPITAL FEDERAL, REPUBLICA ARGENTINA.

AL SEÑOR JUEZ QUE CORRESPONDA, CON JURISDICCION Y COMPETENCIA EN LA CIUDAD DE NUEVA YORK, ESTADOS UNIDOS DE AMERICA.

<u>SALUDA, EXHORTA y HACE SABER</u>: Que, por ante el Juzgado Nacional de Primera Instancia en lo Civil N° 68, a mi cargo, con sede en la calle Uruguay 714, piso 4°, de esta Capital Federal, de la República Argentina, tramitan los autos caratulados: **"PUGIBET FEVRIER, JACQUELINE MARIE JEANNE S/ Sucesión Testamentaria" (Expte. N° 17936/2007)**, en los cuales el suscripto es competente en razón de la materia y jurisdicción, se ha dispuesto librar la presente rogatoria, a fin de que V.S. requiera al Banco BROWN BROTHERS HARRIMAN & CO., con domicilio en la calle 140 Broadway, Nueva York, Estados Unidos de América, que informe al Juzgado: a) Si la Sra. Jacqueline Marie Jeanne Pugibet Fevrier, con Documento Nacional de Identidad N° ▮▮▮▮ y Cédula de Identidad de la Policía Federal N° ▮▮▮▮, fue titular de una o más cuentas en dicha entidad bancaria; y b) En caso afirmativo, indique cuál era el saldo que presentaban la o las cuentas a la fecha de fallecimiento de la Sra. Jaqueline Marie Jeanne Pugibet Fevrier, ocurrido el día 14.3.2007, adjuntando una constancia del mismo.-

-Esta medida ha sido dispuesta habida cuenta que se ha denunciado en estos autos la existencia de varias cuentas bancarias como pertenecientes a la causante de este juicio sucesorio testamentario, las que de existir formarían parte del acervo hereditario que se habrá de transmitir a sus herederos y legatarios.-

-El libramiento del presente exhorto ha sido dispuesto en virtud del siguiente auto: "Buenos Aires, 6 de Agosto de 2013. Líbrense los oficios conforme ley 22.172 y exhortos solicitadas a fs. 2304/2308. Téngase presente las autorizaciones conferidas. Fdo: Alberto Primero Narvaez. Juez".-

Se acompaña al presente una copia certificada de la partida de defunción de la causante.-

-Quedan autorizados a diligenciar el presente los Dres. Julio I. Frigerio y/o la Dra. Dra. Andrea Tosone y/o el Dr. Alberto Malaver y/o quienes estos designen.-

El suscripto es competente en estos autos en razón del último domicilio de la causante.-

Ruego y exhorto a S.S. el pronto y fiel diligenciamiento de la presente, ofreciendo reciprocidad para casos análogos.-

Dado, sellado y firmado en la sala de mi Público Despacho, en la Capital Federal de la República Argentina, a los *Of* días del mes de ~~Marzo~~ de 2018.- *"Abil" vale*.

Alberto S. Pastalardo
JUEZ NACIONAL EN LO CIVIL

3RA. ...LLA E. CANDA
SECRETARIA

208

**GOBIERNO DE LA CIUDAD DE BUENOS AIRES**

**REGISTRO DEL ESTADO CIVIL Y CAPACIDAD DE LAS PERSONAS**

DEPARTAMENTO CENTRAL DEFUNCIONES TOMO 1°D NUMERO M.16 AÑO 2000

En la Ciudad Autónoma de Buenos Aires de la República Argentina, a 15 de Marzo de 2007 Yo, Funcionario del Registro del Estado Civil y Capacidad de las Personas inscribo la DEFUNCION de: Jacqueline PUGIBET FEVRIER

Sexo femenino nacionalidad francesa

estado viuda Doc. Ident. DNI P

profesión empresaria

domicilio de Peruya 1375

Hijo de Jean Baptiste PUGIBET

y de Françoise Louise charlotte FEVRIER nacido en París Francia el 24 de enero de 1924

Ocurrida en esta ciudad Los Heros 2900 a las 08 20 horas el 14 de marzo de 2007

Causa de la defunción delacadiorespirat no traumatica

Certificado médico Dr Juan MUGUE Doc. Ident. LE

Interviniente Carlos LORENTE Obra en virtud de Jganto

Domicilio Sote 1377 Obra en virtud de Manuel Wel ____ fue se firtuse de Juan ____ son pubibe Vbril codera Fbo "FEVRIER" vale

Dr. FEDERICO IVAN SZNAJDLEDER
OFICIAL PÚBLICO
REG. DEL ESTADO CIVIL Y CAP. DE LAS PERSONAS

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
IN RE:                                          :        *EX PARTE* ORDER
                                                :
LETTER ROGATORY FOR                             :        M 93
INTERNATIONAL JUDICIAL                          :
ASSISTANCE FROM THE NATIONAL                    :
CIVIL COURT OF ORIGINAL                         :
JURISDICTION NO. 68, BUENOS AIRES,              :
ARGENTINA IN THE MATTER OF                      :
PUGIBET FEVRIER JACQUELINE                      :
MARIE JEANNE S/S SUCESION                       :
TESTAMENTARIA                                   :
-----------------------------------------------------x

WHEREAS, the United States of America, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, on behalf of the National Civil Court of Original Jurisdiction No. 68, Buenos Aires, Argentina, is seeking to obtain information from Brown Brothers Harriman & Co. Bank, in New York, New York, for use in connection with a judicial proceeding pending in that court captioned "Matter of Pugibet Fevrier Jacqueline Marie Jeanne S/S Sucesion Testamentaria";

NOW THEREFORE, it is hereby ORDERED, pursuant to 28 U.S.C. § 1782(a) and Rule 28(a) of the Federal Rules of Civil Procedure, that Steven J. Kochevar, Assistant United States Attorney, Southern District of New York, be and hereby is appointed as Commissioner, to take such lawful steps as are necessary to obtain information from Brown Brothers Harriman & Co. Bank and to submit said information to the United States Attorney for the Southern District of New York for transmission to the United States Department of Justice or its designee.

IT IS FURTHER ORDERED that the United States Attorney's Office shall serve Brown Brothers Harriman & Co. Bank with a copy of this Order and the accompanying documents.

Dated: New York, New York
_____ \_\_\_\_, 2018

_____
UNITED STATES DISTRICT JUDGE